[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Larry Tatum appeals his sexual-predator classification. In his sole assignment of error, he challenges the weight of the evidence supporting the trial court's determination that he is likely to commit a future sexually-oriented offense. Tatum has failed to file a transcript of the hearing, but documentary evidence presented, and presumably considered by the trial court, was filed under seal and has been reviewed by this court.
In 1977, when he was 25 years old, Tatum pleaded guilty to rape, attempted aggravated murder, and escape. He was found to be a psychopathic offender and initially committed to Lima State Hospital. At the time he filed this appeal, Tatum was incarcerated at the Orient Correctional Institution.
In its entry, the trial court provided the following findings of fact. Tatum had brutally raped a 16-year-old girl and had attempted to murder her by burning her over 50 percent of her body. He also had repeatedly struck his victim with both his hands and a brick and had choked her. He left his victim in a dumpster.
Because a sexual-predator hearing is civil in nature, we apply the civil standard to our review of Tatum's weight-of-the-evidence challenge. This court and others have clearly established the procedure afforded to a defendant who is alleged to be a sexual predator. As we explained in State v. Hinton,[1] the state has the burden to prove by clear and convincing evidence that an offender who has committed a sexually-oriented offense is likely to engage in one or more sexually-oriented offenses in the future. "Clear and convincing evidence is that measure of proof that produces a firm belief as to the allegations to be established."[2] The fact that an offender has committed a sexually-oriented offense does not create a presumption that he or she is a sexual offender.[3]
Instead, the court must consider all relevant factors.[4] Included as guideline considerations are the following: (1) the offender's age; (2) the offender's prior criminal record; (3) the victim's age; (4) the number of victims involved in the sexually oriented offense; (5) the use of alcohol or drugs to impair the victim; (6) prior convictions; and whether the offender completed imposed sentences, whether any prior offense was sexually oriented or a sex offense, and whether the offender participated in programs for sexual offenders; (7) the offender's mental illness or disability; (8) the nature of the sexual contact, conduct or interaction with the victim and whether it was a part of a demonstrated pattern of abuse; (9) the offender's display or threat of cruelty during the sexually-oriented offense; and (10) any additional displayed behavioral characteristics of the offender.[5] A trial court may determine that an offender is a sexual predator "even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense."[6]
A problem arises in this case because Tatum has failed to file a transcript of the sexual predator hearing. Although he discusses in his brief testimony and evidence that he and the state presented, his discussions do not constitute part of the record below. As the appellant, Tatum has the burden to provide us with an adequate record on appeal to support his assignment of error.[7] "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings."[8] Because Tatum has failed to provide a transcript of the proceedings below, we must presume that the trial court premised its sexual-predator determination on clear and convincing evidence that Tatum is likely to reoffend. We overrule his assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Doan and Sundermann, JJ.
[1] See State v. Hinton, 1st Dist. No. C-010046, 2001-Ohio-4026.
[2] See id., citing State v. Eppinger, 91 Ohio St.3d 158,2001-Ohio-247, 743 N.E.2d 881, Cross v. Ledford (1954), 161 Ohio St. 469,120 N.E.2d 118, syllabus, State v. Hunter, supra.
[3] See id.
[4] See R.C. 2950.09(B)(2).
[5] See R.C. 2950.09(B)(2)(a) through (j).
[6] See State v. Wilkinson, 1st Dist. No. C-010229, 2002-Ohio-1032, at ¶ 26.
[7] App.R. 9(B).
[8] See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199, 400 N.E.2d 384.